### ARTHUR HOUSTON v. THE STATE.

#### No. 4301-1.     Decided Feb. 26, 1908.

#### Aggravated Assault—Sufficiency of Evidence.

See opinion for evidence held sufficient to sustain a conviction of defendant of an aggravated assault upon his wife.

Appeal from the County Court at Law of Dallas. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of aggravated assault; penalty, a fine of $25. The opinion states the case.

*Hexter & Kramer* and *A. S. Baskett,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged and convicted in the county court of Dallas County with the offense of an aggravated assault upon his wife.

There is only one question presented to us, and that is, that the verdict of the jury is contrary to and unsupported by the evidence. We have carefully read the able brief of appellant's counsel, in which the affirmative of this issue is strongly presented. We do not believe, however, under the rules long established in this court, that it can be sustained. The witness, Mattie Ferguson, testified in effect that she heard cries of distress by appellant's wife, and went at once to his house where she found her sitting in her chair crying. She states that she had a knot on the side of her face, and when she asked her "What is the matter?" she stated that "Arthur (meaning appellant) has been beating me up." That at the time appellant was standing in the room by the table on which was a pistol, and that on her inquiry if he was not ashamed to do his wife that way, he said he was not, and if witness did not like it he would kick her out of there. The fact of any assault was denied by Lucy Houston (mother of defendant) who was present, also by appellant and by his wife. There are some circumstances in the

record which tend to support the testimony of the prosecuting witness. For instance, the defendant testifies as follows: "I do not know what made the people gather on the railroad tracks. There was a pretty good crowd there. They are a funny kind of people living out there. Where they hear a noise they gang around." From this and other testimony in the record, it is pretty evident that there was some occurrence out of the ordinary at appellant's house. The testimony of the witness, Mattie Ferguson, being clear, unequivocal and positively affirming appellant's guilt, out of deference and respect to the verdict of the jury, we cannot say that there was no evidence against appellant, or that under all the circumstances the testimony in his favor was so absolutely overwhelming as to justify us in setting aside the verdict. Again, the learned trial judge, on whom the duty devolves in a proper case, to set aside the verdict of the jury, declined to do so. He had far better opportunities than we can have of observing the witnesses and passing an intelligent judgment on their credibility, and upon the weight of the evidence. ·

There is no error in the record, and the judgment of the court below is therefore affirmed.

*Affirmed.*